**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br>YELLOW CORPORATION,<br><br><br>Debtor.<br>_____<br>MFN PARTNERS, LP and MOBILE<br>STREET HOLDINGS, LLC,<br><br>Appellants,<br><br>v.<br><br>YELLOW CORPORATION, *et al.*,<br><br>Appellees.<br>_____ | ) Chapter 11<br>)<br>) Bankruptcy Case No.: 23-11069 (CTG)<br>) Bankruptcy BAP No.: 26-27<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 26-516-JLH<br>) (consolidated)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER AMENDING SCHEDULING ORDER**

WHEREAS, on November 19, 2025, the Bankruptcy Court entered its order (Bankr. D.I. No. 8229) (the "Confirmation Order") confirming the above-captioned Debtors' chapter 11 plan attached thereto as Exhibit A (the "Plan");

WHEREAS, on November 26, 2025, the Debtors filed motions to approve certain settlement agreements (the "Settlement Agreements") with fifteen pension funds pursuant to Federal Rule of Bankruptcy Procedure 9019 (Bankr. D.I. 8296, 8443) (the "Settlement Motions") which would resolve their claims against the Debtors;

WHEREAS, on April 2, 2026, the Bankruptcy Court issued its Memorandum Opinion (Bankr. D.I. 8799) (the "Settlement Opinion"), approving in part the Settlement Motions, and on April 22 and 23, 2026, the Bankruptcy Court entered orders approving, in part, the Settlement Motions (Bankr. D.I.. 8852–8854 & 8860–8869) (the "Settlement Orders");

WHEREAS, on May 4, 2026, appellants MFN Partners, LP ("MFN") and Mobile Street Holdings, LLC ("Mobile Street," and collectively with MFN, the "Appellants") appealed certain of the Settlement Orders and the Settlement Opinion as it related to (1) Central States, Southeast and Southwest Areas Health and Welfare Fund, and Central States, Southeast and Southwest Areas Pension Fund (collectively, "Central States"), (2) IAM National Pension Fund, (3) Teamsters Pension Trust Fund of Philadelphia & Vicinity, (4) New England Teamsters Pension Fund, (5) Teamsters Local 641 Pension Fund, (6) Central Pennsylvania Teamsters Pension Fund Defined Benefit Plan, (7) Freight Drivers and Helpers 557 Pension, (8) Mid-Jersey Trucking Industry & Teamsters Local 701 Pension and Annuity Fund, and (9) Teamsters Joint Council #83 of Virginia Pension Fund (the "Fund Appellees");

WHEREAS, on June 1, 2026, this Court entered an Order (D.I. 13) granting Appellants' unopposed motion to consolidate the appeals under Civil Action No. 26-cv-00516-JLH (the "Consolidated Appeals");

WHEREAS, on June 9, 2026, this Court entered its Order (D.I. 17) (the "Scheduling Order") accepting the parties' proposed briefing schedule on the merits of the Consolidated Appeals, including setting a deadline for Appellants to file their opening brief on or before July 10, 2026;

WHEREAS, on July 8, 2026, Appellants, together with the Liquidating Trustee (as successor in interest to the Debtors following the effective date of their Plan)[1] (collectively, the

---

[1] On July 1, 2026 (the "Effective Date"), the Liquidating Trust was formed pursuant to section VIII of the Plan, vesting the Liquidating Trustee of the Liquidating Trust with, among other things, the power to prosecute the Settlement Appeals previously held by the Debtors. (*See* Plan section VII (B).) The Debtors, along with the Official Committee of Unsecured Creditors, dissolved on or as soon as reasonably practicable after the Effective Date pursuant to sections IV(G) and IV(H) of the Plan.

"Movants") filed a Joint Motion to Amend Scheduling Order (D.I. 19) (the "Motion to Amend"), which seeks to modify the Scheduling Order, extending deadlines by more than 6 weeks, pursuant to Federal Rule of Civil Procedure 16(b), on the grounds that Movants are actively engaged in settlement discussions that will resolve MFN's appeals and additional time is necessary to reach a consensual resolution and seek approval of that resolution from the Bankruptcy Court;

WHEREAS, the Motion to Amend further indicates that Central States (apparently the largest settling appellee pension fund) consents to the extension but that the remaining Fund Appellees—whose claims comprise the other eight of the nine Consolidated Appeals governed by the Scheduling Order—do not consent to such relief;

WHEREAS, on July 9, 2026, the Fund Appellees filed their objection (D.I. 25) to the Motion to Amend, arguing, *inter alia*, that Federal Rule of Civil Procedure 7016(b) has no application outside of an adversary proceeding; that pursuant to Federal Rule of Bankruptcy Procedure 9006, which is applicable here, this Court may (and should) consider prejudice to non-moving parties, including that the Fund Appellees have not been engaged in (nor were they made aware of) any of the settlement discussions identified in the Motion to Amend, that the Fund Appellees are eager to bring the consolidated appeals to a swift resolution, and that they face prejudice by any further delay in resolution, as the appeals come on the heels of what has already been a lengthy and highly contentious bankruptcy proceeding; and, accordingly, that the Movants' "eleventh-hour" request for an extension of the deadlines contained in the Scheduling Order should not be granted;

WHEREAS, on July 10, 2026, Movants filed their reply, asserting that while the Liquidating Trustee and Appellants "are opposites sides in these appeals, [Movants] have jointly

3

sought to extend the briefing deadline approximately six weeks" as they are "very close to resolving many open issues," and that "a settlement motion is anticipated to be filed by the Liquidating Trustee within the next two weeks"; and

This Court, having considered the briefs, including the competing concerns raised by the parties, and prejudice to the Fund Appellees which will result from any further delay;

IT IS HEREBY ORDERED that the Motion to Amend (D.I. 19) is GRANTED, and the Scheduling Order is AMENDED, on the conditions set forth herein:

1. Appellants' brief in support of the appeal is due on or before **August 28, 2026.**

2. Appellees' brief in opposition to the appeal is due on or before **October 16, 2026.**

3. Appellants' reply brief is due on or before **October 30, 2026.**

4. In absence of the parties having filed in the Bankruptcy Court a settlement motion (or motions) that, if approved by the Bankruptcy Court, would resolve each of the consolidated appeals, and having filed a status report apprising this Court of such filing, no request for further modification of the Scheduling Order will be granted.

July 14, 2026

_____
The Honorable Jennifer L. Hall
United States District Judge

4